## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Southern Division)

| | |
|---|---|
| **CHET MICHAEL WILSON, on behalf of himself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE HELOC COMPANY LLC,**<br><br>**Defendant.** | **Case No. 8:26-CV-00025-LKG** |

THE HELOC Company LLC ("The HELOC Company"), by its undersigned counsel, responds to the Plaintiff's Class Action Complaint (ECF 1) as follows:

### FIRST DEFENSE
### (Failure to State A Claim)

Plaintiff's claims fail to state a claim upon which relief can be granted against The HELOC Company.

### SECOND DEFENSE
### (Response to Numbered Allegations)

1. The allegations of Paragraph 1 of the Complaint are recitations to which no response is required. The HELOC Company denies the allegations of Paragraph 1 to the extent they are inconsistent with the case cited therein.

2. The allegations of Paragraph 2 of the Complaint are recitations to which no response is required. To the extent a response is required, the allegations are denied.

3. The allegations of Paragraph 3 of the Complaint are denied.

### JURISDICTION AND VENUE

4. The allegations of the Amended Complaint and the provisions of the federal statutes speak for themselves. To the extent any response is required, The HELOC Company denies that

1

WBD (US) 4902-7058-9336

Plaintiff is entitled to relief.  The HELOC Company further denies the allegations to the extent there is a binding arbitration provision governing this dispute.

5. The HELOC Company admits that it is registered to do business in Maryland.  The HELOC Company further denies the allegations to the extent there is a binding arbitration provision governing this dispute.  Except as expressly admitted herein, The HELOC Company denies the remaining allegations of Paragraph 5.

6. The HELOC Company denies the allegations of Paragraph 6.

## PARTIES

7. Upon information and belief, The HELOC Company admits the allegations of Paragraph 7.

8. The HELOC Company admits that it is a limited liability company registered to do business in Maryland.  Except as expressly admitted herein, the HELOC Company denies the remaining allegations of Paragraph 8.

9. The federal statutes, regulations and cases speak for themselves.  The allegations of Paragraph 9 are legal conclusions and recitations to which no response is required.  To the extent a response is required, The HELOC Company denies the allegations of Paragraph 9.

10. The federal statutes, regulations and cases speak for themselves.  The allegations of Paragraph 10 are legal conclusions and recitations to which no response is required.  To the extent a response is required, The HELOC Company denies the allegations of Paragraph 10.

11. The federal statutes and regulations speak for themselves.  The allegations of Paragraph 11 are legal conclusions and recitations to which no response is required.  To the extent a response is required, The HELOC Company denies the allegations of Paragraph 11.  The HELOC Company denies the remaining allegations of Paragraph 11.

WBD (US) 4902-7058-9336

12. The federal statutes, regulations and cases speak for themselves. The allegations of Paragraph 12 are legal conclusions and recitations to which no response is required. To the extent a response is required, The HELOC Company denies the allegations of Paragraph 12. The HELOC Company denies the remaining allegations of Paragraph 12.

## FACTUAL ALLEGATIONS

13. The allegations of Paragraph 13 are denied.

14. The HELOC Company is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14, and accordingly, The HELOC Company denies the allegations of Paragraph 14.

15. The HELOC Company is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15, and accordingly, The HELOC Company denies the allegations of Paragraph 15.

16. The HELOC Company is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16, and accordingly, The HELOC Company denies the allegations of Paragraph 16.

17. The HELOC Company is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17, and accordingly, The HELOC Company denies the allegations of Paragraph 17.

18. The HELOC Company is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18, and accordingly, The HELOC Company denies the allegations of Paragraph 18.

19.    The HELOC Company is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19, and accordingly, The HELOC Company denies the allegations of Paragraph 19.

20.    The HELOC Company is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20, and accordingly, The HELOC Company denies the allegations of Paragraph 20.

21.    The allegations of Paragraph 21 are denied.

22.    The allegations of Paragraph 22 are denied.

23.    The HELOC Company admits that the phone number identified in Paragraph 23 is affiliated with The HELOC Company.  Except as expressly admitted, the remaining allegations of Paragraph 23 are denied.

24.    The allegations of Paragraph 24 are denied.

25.    The allegations of Paragraph 25 are denied.

26.    The HELOC Company admits that the phone number identified in Paragraph 23 is affiliated with the HELOC Company.  The HELOC Company is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26, and accordingly The HELOC Company denies the remaining allegations of Paragraph 26.

27.    The allegations of Paragraph 27 are denied.

28.    The HELOC Company admits that after receiving a letter sent by counsel for Plaintiff, it sent a response dated December 31, 2025, the contents of which are self-explanatory. The remaining allegations of Paragraph 28 are denied.

### Class Action Allegations

29.    The allegations of Paragraph 29 are legal conclusions and recitations to which no

WBD (US) 4902-7058-9336

response is required.  To the extent a response is required, The HELOC Company denies that the claims can be asserted by this Plaintiff on behalf of a class of persons similarly situated, and denies all remaining allegations of Paragraph 29.

30.    The HELOC Company denies that any class should be certified and denies all remaining allegations and the proposed class definitions.

31.    The HELOC Company denies that any class should be certified and denies all remaining allegations and the proposed class definitions.

32.    The allegations of Paragraph 32 are legal conclusions and recitations to which no response is required.  To the extent a response is required, The HELOC Company denies the allegations of Paragraph 32.

33.    The allegations of Paragraph 33 are legal conclusions and recitations to which no response is required.  To the extent a response is required, The HELOC Company denies the allegations of Paragraph 33.  The HELOC Company further answers and denies that any class should be certified and denies all remaining allegations and the proposed class definitions.

34.    The allegations of Paragraph 34 are legal conclusions and recitations to which no response is required.  To the extent a response is required, The HELOC Company denies the allegations of Paragraph 34.  The HELOC Company further answers and denies that any class should be certified and denies all remaining allegations and the proposed class definitions.

35.    The allegations of Paragraph 35 are denied.

36.    The allegations of Paragraph 36 and its subparts (a) – (d) are legal conclusions and recitations to which no response is required.  To the extent a response is required, The HELOC Company denies the allegations of Paragraph 36 and its subparts (a) – (d).

37.    The allegations of Paragraph 37 are denied.

WBD (US) 4902-7058-9336

38.     The allegations of Paragraph 38 are denied.

39.     The allegations of Paragraph 39 are legal conclusions and recitations to which no response is required.  To the extent a response is required, The HELOC Company denies the allegations of Paragraph 39.

40.     The allegations of Paragraph 39 are legal conclusions and recitations to which no response is required.  To the extent a response is required, The HELOC Company denies the allegations of Paragraph 39.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the TCPA Pre-recorded Class)**

41.     The HELOC Company restates its responses to Paragraphs 1-40 and incorporates them by reference.

42.     The HELOC Company denies the allegations of Paragraph 42.

43.     The HELOC Company denies the allegations of Paragraph 43.

44.     The HELOC Company denies the allegations and the prayer for relief set forth in Paragraph 44.

**COUNT II**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

45.     The HELOC Company restates its responses to Paragraphs 1-44 and incorporates them by reference.

46.     The federal statutes and regulations speak for themselves.  The allegations of Paragraph 46 are legal conclusions and recitations to which no response is required.  To the extent a response is required, The HELOC Company denies the allegations of Paragraph 46.

6

47.    The federal statutes and regulations speak for themselves.  The allegations of Paragraph 47 are legal conclusions and recitations to which no response is required.  To the extent a response is required, The HELOC Company denies the allegations of Paragraph 47.

48.    The federal statutes and regulations speak for themselves.  The allegations of Paragraph 48 are legal conclusions and recitations to which no response is required.  To the extent a response is required, The HELOC Company denies the allegations of Paragraph 48.

49.    The HELOC Company denies the allegations of Paragraph 49.

50.    The HELOC Company denies the allegations of Paragraph 50.

## PRAYER FOR RELIEF

The HELOC Company denies all allegations within the Prayer for Relief and denies that Plaintiff is entitled to the certification of the class, denies that Plaintiff is entitled to the entry of a judgment against The HELOC Company and to the other relief requested.

Further, if and to the extent The HELOC Company has failed to respond to any allegation within the Complaint, The HELOC Company denies any remaining allegation of the Complaint.

## JURY DEMAND

The HELOC Company denies that Plaintiff is entitled to a trial by jury.

## FURTHER DEFENSES

The HELOC Company submits the following affirmative and/or further defenses to Plaintiff's Complaint.  By asserting the defenses below, The HELOC Company does not admit that it bears a burden of production or proof with respect to any of them.

### THIRD DEFENSE
### (Prior Express Written Consent)

Any and all activities of The HELOC Company's alleged in the Complaint were conducted with consent, express and implied, of Plaintiff, the owner/subscriber or the regular user of the

7

WBD (US) 4902-7058-9336

subject phone and/or other parties, persons, and entities, and The HELOC Company is therefore free from actionable fault. Consent to receive calls using an artificial voice or prerecorded message may be demonstrated in a myriad of ways. Consent can also be demonstrated by communicating with The HELOC Company during calls with agents, via e-mail, via online updates to account demographics, via letters, or during any other interaction with The HELOC Company employees. Consent to be contacted with artificial or prerecorded voice messages is expressly agreed to as part of agreements between The HELOC Company and its customers.

## FOURTH DEFENSE
### (Waiver)

Plaintiff's claims against The HELOC Company are or may be barred in whole or in part by the doctrine of waiver.

## FIFTH DEFENSE
### (Excessive Fines)

The award of statutory penalties against The HELOC Company would violate the prohibition against excessive fines of the United States Constitution. Statutory penalties violate due process rights where the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable. In the context of Plaintiff's TCPA claims, the violation at issue—allegedly "making" a call to a cell phone using an artificial or prerecorded message that may or not have been connected, received or answered—causes de minimis or no actual harm. Imposition of a $500.00 or $1,500.00 per call penalty is plainly excessive in this context and—taken in the aggregate—may result in potential damages that are not proportional to the conduct alleged.

## SIXTH DEFENSE
### (Free Speech)

The HELOC Company's actions are protected by the First Amendment to the United States

8

Constitution and similar provisions of various state constitutions.

## SEVENTH DEFENSE
### (First Amendment—Content-Based Restriction)

Application of the TCPA, as interpreted by the FCC, violates the First Amendment to the United States Constitution because such application relies upon content-based restrictions of protected speech.

## EIGHTH DEFENSE
### (Lack of Willfulness or Intent)

The HELOC Company alleges that none of the alleged wrongful conduct was done willfully or intentionally by The HELOC Company.

## NINTH DEFENSE
### (Due Process)

The imposition of statutory damages and/or punitive damages under the TCPA against The HELOC Company would violate the due process provisions of the United States Constitution and/or the Maryland state constitution. The imposition of statutory damages and/or punitive damages against The HELOC Company would violate the Due Process provision of the United States Constitution. While the TCPA affords discretion to award up to $1,500.00 "per violation," the violation at issue—allegedly "making" a call to a cell phone that may or not have been connected, received or answered—causes de minimis or no actual harm. Hence, imposition of the discretionary punitive damage element built into the TCPA would violate the *BMW* proportionality as to Plaintiff. *BMW of North America, Inc. v. Gore*, 517 US 559, 562 (1996).

## TENTH DEFENSE
### (No Actual Damages)

Plaintiff's demands are or may be barred in whole or in part by the lack of any actual damages. Upon information and belief, Plaintiff's has not sustained any actual damages as a result

of the calls at issue in this action. For that reason, to the extent there was any violation of the TCPA or other law, which The HELOC Company expressly denies, any recovery by the Plaintiff would be limited to the minimum statutory amounts.

## ELEVENTH DEFENSE
### (Privilege/Justification)

The HELOC Company's lawful interest in contacting its customers— either for debt collection, informational purposes, or other account servicing activity—is necessary, and The HELOC Company reasonably believes such calls are necessary, to protect The HELOC Company's pecuniary interest in chattel and accounts, and its customers' interests. Further the conduct at issue is *malum prohibitum* and not *malum in se*. Moreover, the harm inflicted to Plaintiff in receiving the alleged calls is not unreasonable as compared with the harm threatened to The HELOC Company's interests and chattel if it is barred from placing such calls. Hence, The HELOC Company's conduct is privileged and inactionable, and Plaintiff cannot show conduct that would result in the award of punitive damages.

## TWELTH DEFENSE
### (Lack of Injury)

The HELOC Company is informed and believes that Plaintiff has not sustained any actionable injury because of the allegations contained within the Complaint. Plaintiff must sustain an injury in fact to each individual call for which Plaintiff claims a violation.

## THIRTEENTH DEFENSE
### (No Calls Made)

Plaintiff's claims are or may be barred in whole or in part to the extent that they seek to hold The HELOC Company liable for calls it did not make within the meaning of the TCPA.

10

## FOURTEENTH DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, to the extent they seek redress that is barred by the applicable statute of limitations.

## FIFTEENTH DEFENSE
### (Limitation of Liability)

The HELOC Company's liability in this action, if any, is limited pursuant to all applicable contracts, covenants, conditions, restrictions, and agreements operating as between The HELOC Company and Plaintiff.

## SIXTEENTH DEFENSE
### (No Marketing)

Plaintiff's claims are barred, in whole or in part, because the telephone calls allegedly made were not unsolicited advertisements or telemarketing calls within the meaning of the TCPA.

## SEVENTEENTH DEFENSE
### (Express and Implied Consent/Failure to Revoke Consent)

Plaintiff had actual, implied, and/or constructive knowledge of all acts and/or omissions alleged in the Complaint and Plaintiff gave express or implied consent to all such alleged acts and/or omissions and failed to revoke the consent.

## EIGHTEENTH DEFENSE
### (Compliance)

Plaintiff's claims are barred by The HELOC Company's compliance with all applicable state, federal and local laws and regulations.

## NINETEENTH DEFENSE
### (Equitable Defenses)

Plaintiff's claims are barred, in whole or in party, by the doctrines of ratification, unclean hands, laches, and estoppel.

11

WBD (US) 4902-7058-9336

**TWENTIETH DEFENSE**
**(Lack of Knowledge)**

Plaintiff's claims fail, in whole or in part, because even assuming the truth of the Plaintiff's claims, The HELOC Company did not know, nor should it have known, of the alleged facts and conduct asserted therein.

**TWENTY-FIRST DEFENSE**
**(Bona Fide Error)**

Any wrongful conduct alleged in the Complaint was unintentional, a result of bona fide error.

**TWENTY-SECOND DEFENSE**
**(Justification)**

The HELOC Company was justified in doing and/or omitting to do any and/or all of the acts and/or omissions alleged in the Complaint.

**TWENTY-THIRD DEFENSE**
**(Good Faith)**

The Complaint, and each and every cause of action alleged therein, is barred because The HELOC Company acted at all times in good faith and with good cause. The HELOC Company's conduct was within the reasonable expectations of the Parties, and The HELOC Company, at no time, acted so as to deprive Plaintiff of any rights or to cause Plaintiff the injuries described in the Complaint, if any exist.

**TWENTY-FOURTH DEFENSE**
**(Maintenance of Reasonable Policies and Procedures)**

Under any applicable statutes, including the TCPA, if there were a violation by The HELOC Company, which The HELOC Company denies, it was unintentional and resulted despite maintenance of reasonable policies and procedures adopted to avoid any such violation and, therefore, was not willful or knowing.

12

**TWENTY-FIFTH DEFENSE**
**(Supervening Cause)**

To the extent Plaintiff has suffered any harm, which the HELOC Company expressly denies, that harm was caused by other persons or entities, thereby reducing or eliminating any liability of the HELOC Company.

**TWENTY-SIXTH DEFENSE**
**(Attorneys' Fees Not Permissible)**

Plaintiff is not entitled to recover attorneys' fees because Plaintiff has not set forth sufficient factual or legal basis for the recovery of attorneys' fees.

**TWENTY-SEVENTH DEFENSE**
**(Business Relationship)**

Plaintiff's claims are barred to the extent that Plaintiff and/or members of the putative class had an established business relationship with The HELOC Company.

**TWENTY-EIGHTH DEFENSE**
**(No Malice or Harassing Intent)**

The communications complained of by Plaintiff were made without malice or wrongful intent to harass or abuse on the part of The HELOC Company.

**TWENTY-NINTH DEFENSE**
**(Non-Consumer Account or Phone Number)**

Plaintiff's claims are barred to the extent that the communications complained of were made related to a business account or made to a phone number that is not used primarily for personal, family, or household purposes.

**THIRTIETH DEFENSE**
**(No Use of ATDS)**

The HELOC Company did not use an automatic telephone dialing system ("ATDS") in violation of the TCPA for any of the calls alleged to be at issue, as The HELOC Company's

13

systems, equipment, and methods for placing telephone calls do not have the capacity to randomly or sequentially generate telephone numbers to be dialed. *See Facebook, Inc. v. Duguid*, 592 U.S. 395 (2021).

## THIRTY-FIRST DEFENSE
### (Contract)

The claims asserted in the Complaint are or may be barred in whole or in party by contract.

## THIRTY-SECOND DEFENSE
### (No Interference)

The HELOC Company did not interfere with Plaintiff's ability to use his phone.

## THIRTY-THIRD DEFENSE
### (Arbitration)

The claims in the Complaint are or may be subject, in whole or in part, to an arbitration provision set forth in the terms and conditions accepted by the Plaintiff.

## THIRTY-FOURTH DEFENSE
### (Class Action Waiver)

The class allegations are or may be barred, in whole or in part, by a class action waiver set forth in the terms and conditions accepted by the Plaintiff.

## THIRTY-FIFTH DEFENSE
### (Lack of Standing)

The Plaintiff's claims and those asserted on behalf of the putative class members may be barred, in whole or in part, by lack of standing.

## THIRTY-SIXTH DEFENSE
### (Reservation of Right to Assert)

The HELOC Company expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

14

**WHEREFORE**, Defendant, The HELOC Company LLC respectfully prays that the Court:

1.  Dismiss the action with prejudice;

2.  Deny all relief requested by Plaintiff;

3.  Allow Defendant, The HELOC Company LLC to recover costs and attorneys' fees, to the extent allowed by law; and

4.  Grant such further relief as is just and proper.

RESPECTFULLY SUBMITTED,

*/s/ Sarah E. Meyer*

Sarah E. Meyer (Bar No. 29448)
WOMBLE BOND DICKINSON (US) LLP 100
Light Street 26th Floor
Baltimore, MD 21202
Phone: (410) 545-5800
Email: Sarah.Meyer@wbd-us.com

*Counsel for Defendant,*
*The HELOC Company LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of March, 2026, a copy of the foregoing was filed and served upon all counsel of record via the Court's CM/ECF filing system.

*/s/ Sarah E. Meyer*

Sarah E. Meyer (Bar No. 29448)

15

WBD (US) 4902-7058-9336