**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **CHET MICHAEL WILSON, on behalf of** himself and all others similarly situated, | ) ) | Civil Action No. 8:26-cv-00025-LKG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE HELOC COMPANY LLC, | ) | |
| | ) | |
| Defendant. | ) | |

---

**JOINT STATUS REPORT**

Plaintiff Chet Michael Wilson ("Plaintiff") and Defendant The HELOC Company LLC ("Defendant," and together with Plaintiff, the "Parties"), by and through their respective undersigned counsel, respectfully submit this Joint Status Report pursuant to the Court's Scheduling Order (ECF No. 22) entered May 22, 2026, which directs the Parties to file a joint status report on or before May 29, 2026 setting forth their respective views on the matters addressed below.

**1. Modifications to the Scheduling Order**

   **a. Proposed Deadline Extensions**

The Parties jointly request that each deadline set forth in the Scheduling Order be extended by approximately ninety (90) days, with each new deadline falling on the same day of the week as the corresponding original deadline. The Parties do not seek to modify the date or time of the Rule 16 Case Management Conference. The Parties also do not seek any modification of the default 25-

WBD (US) 4917-1108-7280

hour-per-side limit on depositions of fact witnesses set forth in Part IV.D of the Scheduling Order.

The proposed new deadlines, together with a comparison to the current deadlines, are as follows:

| Event / Deadline | Current Deadline | Proposed Deadline |
|---|---|---|
| Motions to amend the pleadings or for joinder of additional parties | July 7, 2026 | October 6, 2026 |
| Plaintiff's Rule 26(a)(2) expert disclosures | July 24, 2026 | October 23, 2026 |
| Defendant's Rule 26(a)(2) expert disclosures | August 24, 2026 | November 23, 2026 |
| Plaintiff's rebuttal Rule 26(a)(2) expert disclosures | September 8, 2026 | December 8, 2026 |
| Rule 26(e)(2) supplementation of disclosures and responses | September 14, 2026 | December 14, 2026 |
| Completion of Discovery; submission of Post-Discovery Joint Status Report | October 5, 2026 | January 4, 2027 |
| Requests for admission | October 13, 2026 | January 12, 2027 |
| Notice of Intent to File a Pretrial Dispositive Motion | November 2, 2026 | February 1, 2027 |

Good cause supports the requested extension. The Parties require additional time to (i) finalize and submit for the Court's approval a proposed protective/confidentiality order and a separate order governing the discovery of electronically stored information, as described in Section 1.b below; (ii) conduct the additional and extensive anticipated individual and class discovery in this putative class action, which the Parties expect will include discovery directed to third parties and vendors as well as the production and analysis of call detail and dialer records; and (iii) explore the potential for early resolution of this matter. The requested ninety-day extension will promote an orderly and efficient discovery process and conserve the resources of the Parties and the Court, and is not sought for purposes of delay.

**b. Protective Order, ESI Order, and Rule 502(d) Provision**

The Parties are meeting and conferring regarding, and are working through a draft of, (i) a proposed protective/confidentiality order governing the treatment of confidential information disclosed in discovery and (ii) a proposed order governing the discovery of electronically stored information. The Parties anticipate submitting these proposed orders to the Court for its review and approval once they are finalized. The proposed protective order will include a provision pursuant to Federal Rule of Evidence 502(d), so that the inadvertent or unintended disclosure of materials protected by the attorney-client privilege or work product doctrine will not operate as a waiver in this proceeding.

**2. Consent to Proceed Before a United States Magistrate Judge**

The Parties do not unanimously consent at this time, pursuant to 28 U.S.C. § 636(c), to have all further proceedings conducted before a United States Magistrate Judge.

**3. Mediation Before a United States Magistrate Judge**

The Parties do not unanimously agree to participate in a mediation session before a United States Magistrate Judge at this time.

*Plaintiff's Position.*

The Plaintiff believes such a referral would be premature in advance of meaningful discovery. The Plaintiff proposes that the deadline to request a referral for a Magistrate Judge mediation session be set for the close of discovery, and that the Parties address whether they wish to pursue such a mediation session in their Post Discovery Joint Status Report.

*Defendant's Position.*

While Defendant believes that mediation before a United States Magistrate Judge would be helpful, Defendant agrees that mediation should be scheduled after the parties have had an opportunity to conduct some meaningful discovery.

**4.  Scope and Nature of Discovery**

The Parties have conferred, and will continue to confer, regarding the scope and nature of discovery in this action consistent with Part III.D of the Scheduling Order. The Parties anticipate that discovery will address both the individual claims of Plaintiff and issues relevant to the proposed classes.

*Plaintiff's Position.*

Plaintiff anticipates that discovery will be directed to, among other things: (i) Defendant's telemarketing and telephone-solicitation policies, practices, and procedures, including its internal do not call policy and its National Do Not Call Registry scrubbing and compliance procedures; (ii) the artificial or prerecorded voice message(s) used to place the calls at issue, and the equipment, software, dialing systems, and platforms used to transmit them; (iii) Defendant's relationships with any third party vendors, lead generators, telemarketers, or other entities that placed calls, transmitted prerecorded messages, or supplied leads or telephone numbers on Defendant's behalf, including the call placed using Caller ID 614-683-5194 and the source of Plaintiff's telephone number; (iv) the records of telemarketing and prerecorded message calls placed by or on behalf of Defendant during the class period, including the underlying call detail records and dialer logs sufficient to identify the members of the proposed classes; (v) evidence pertaining to any consent records or other sources purportedly authorizing the calls at issue, as the case may be; and (vi) information relevant to the requirements of Federal Rule of Civil Procedure 23, including

numerosity, commonality, typicality, adequacy, predominance, and superiority. Plaintiff intends to pursue this discovery through interrogatories, requests for production, requests for admission, and depositions, as well as through third party discovery, as appropriate.

**_Defendant's Position._**

Defendant anticipates seeking discovery on the following subjects: (1) the consent Plaintiff or his authorized agent provided online to be contacted by Defendant or about Defendant's products or services; (2) Plaintiff's prior TCPA claims, demands and settlements, and orders regarding his adequacy to serve as a class representative; (3) Plaintiff's ownership of the telephone number in question and whether Plaintiff's subject telephone number is a "residential" telephone number; (4) whether Plaintiff personally registered his telephone number on the Do-Not-Call Registry; (5) Plaintiff's telephone records and financial records, to the extent the same will reveal whether the subject telephone number is a "residential" line under the TCPA and/or demonstrate Plaintiff's ownership of that telephone number; (6) the IP address associated with Plaintiff's residential internet and phone service to confirm whether the alleged consent originated from Plaintiff's device or household; (7) the make and model of all devices (e.g., phones, desktop computer, and tablets) used by Plaintiff to access the internet during the alleged opt-in timeframe; (8) information about mobile, laptop, and desktop devices used by family members residing in Plaintiff's home or those with access to Plaintiff's residential Wi-Fi network, to determine whether others may have provided opt-in consent or interacted with Defendant or any lead generation source on Plaintiff's behalf; (9) unique device identifiers (e.g., IMEI, MAC address) for all devices Plaintiff, family members, or anyone with access to Plaintiff's Wi-Fi network used during the relevant period; (10) browser history and activity logs from devices used by Plaintiff, family members, or anyone with access to Plaintiff's Wi-Fi network during the alleged opt-in period; (11)

login records and activity logs from third-party services (e.g., Google or Facebook) that Plaintiff may have used to request information about Defendant's services; (12) details of Plaintiff's home network, including a list of connected devices and their activity logs during the alleged opt-in timeframe; and (13) the parties' other claims and defenses contained in the pleadings to-date and as later amended.

Dated: May 29, 2026

Respectfully submitted,

| | |
|---|---|
| */s/ Andrew Roman Perrong* | **WOMBLE BOND DICKINSON (US) LLP** |
| Andrew Roman Perrong | |
| PERRONG LAW LLC | /s/ *Sarah E. Meyer* |
| 2657 Mt. Carmel Avenue | Sarah E. Meyer (Bar No. 29448) |
| Glenside, PA 19038 | 100 Light Street 26th Floor |
| Phone: 215-225-5529 | Baltimore, MD 21202 |
| Fax: 888-329-0305 | Phone: (410) 545-5800 |
| a@perronglaw.com | Email: Sarah.Meyer@wbd-us.com |
| | |
| John Thomas McGowan, Jr. | Tomio B. Narita (*admitted pro hac vice*) |
| KINNER & McGOWAN PLLC | 50 California St., Suite 2750 |
| 434 1/2 6th St NE | San Francisco, CA 94111 |
| Washington, DC 20002 | Phone: (415) 765-6276 |
| Phone: 901-351-6776 | Email: Tomio.Narita@wbd-us.com |
| jtmcgowan@gmail.com | |
| | Michael K. Lane (*admitted pro hac vice*) |
| **Counsel for Plaintiff** | 470 Atlantic Avenue, Suite 600 |
| | Boston, MA 02210 |
| | Phone: (857) 287-3100 |
| | Email: Michael.Lane@wbd-us.com |
| | |
| | **Counsel for Defendant** |

WBD (US) 4917-1108-7280

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2026, I caused the foregoing to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Andrew Roman Perrong
Andrew Roman Perrong

WBD (US) 4917-1108-7280